IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:16-CV-14-BO

| | | |
|---|---|---|
| MARIA E. OLIVA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on March 15, 2017, in Raleigh, North Carolina. For the reasons discussed below, this matter is remanded to the Acting Commissioner for further proceedings.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying his claim for disability and disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. Plaintiff protectively filed her applications on January 26, 2012, alleging disability beginning January 1, 2010. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's back disorder, obesity, migraines, sleep disorder, and chronic obstructive pulmonary disease were considered severe impairments at step two, but were not found alone or in combination to meet or equal a listing at step three. The ALJ concluded that plaintiff had the RFC to perform sedentary work with additional exertional limitations. The ALJ then found that plaintiff was able to return to her past relevant work. In the alternative, at step five, the ALJ considered plaintiff's age, education, work experience, and RFC, along with the testimony of the vocational expert ("VE"), to determine that plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy. Accordingly, the ALJ found that plaintiff had not been under a disability as defined in the Act.

The ALJ's decision in this instance is not supported by substantial evidence. An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a). An RFC should reflect the most that a claimant can do, despite the claimant's limitations. *Id.* An RFC finding should also reflect the claimant's ability to perform sustained work-related activities in a work setting on regular and continuing basis, meaning eight-hours per day, five days per week. SSR 96-8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). The ALJ found that plaintiff was limited to a restricted range of sedentary work activities, with limitations to only occasionally climb stairs; that she must be allowed to use a handheld device for prolonged ambulation; she must avoid irritants; and that plaintiff is limited to simple, routine tasks in a low stress job. Tr. 33.

The Fourth Circuit has found that in Social Security disability cases, "[t]he record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." *Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013) (citing *Hines v. Bowen*, 872 F.2d 56, 59 (4th Cir. 1989)). "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford* at 295 (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)).

The ALJ must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." SSR 96-8p. If an opinion from a treating source is well-supported by and consistent with the objective medical evidence in the record, it may be entitled to controlling weight. 20 C.F.R. §§ 404.1527(c), 416.927(c). Where an opinion is inconsistent with other evidence in the record, the ALJ need not give that opinion any significant weight. *Id.*; *see also Craig v. Chater*, 76 F.3d at 585, 590 (4th Cir. 1996) ("[I]f a physician's

4

opinion is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight."). However, ALJ's decision to do so must be accompanied by "a narrative discussion" that discusses "how the evidence supports each conclusion," such that the ALJ's decision is sufficiently specific to make it clear to a reviewing district court "why the opinion was not adopted." *See* SSR 96-8p.

The regulations require that the ALJ consider the combined effect of all of claimant's impairments, "without regard to whether any such impairment if considered separately" would be sufficiently severe. 42 U.S.C. § 423(d)(2)(c). The Fourth Circuit has accordingly held that in determining whether an individual's impairments are of sufficient severity to prohibit basic work related activities, an ALJ must consider the combined effect of a claimant's impairments. *See, e.g., Reichenbach v. Heckler*, 808 F.2d 309, 312 (4th Cir. 1985).

Medical evidence showed that plaintiff suffered from back disorder, obesity, migraines, sleep disorder, and chronic obstructive pulmonary disease. These conditions were found by the ALJ to be severe conditions. However the evidence also showed that claimant was a Type II diabetic and suffered from diabetic neuropathy which was diagnosed by Dr. Gootman, a pain management specialist. Tr. 1542, 1548, 1553. 1556, 1559, 1566, 1572. There is also evidence that plaintiffs suffered from an anxiety disorder, which was diagnosed and treated by her personal care physicians at Bladen Medical Associates, Tr. 1591, 1604, 1611, 1614, 1618, 1620, 2404, and diagnosed as a co-morbid condition related to her chronic back pain by Dr. Gootman. Tr. 1542, 1548, 1553. 1556, 1559, 1566, 1573, 1583. Neither condition was discussed or considered in the ALJ's opinion, nor any limitations related thereto discussed.

The ALJ is required to adequately explain his or her evaluation of the combined effect of impairments. *Reichenbach*, 808 F.2d at 312. The failure of the ALJ to mention or weigh the

above evidence and testimony in determining whether plaintiff's diabetic or anxiety problems were severe or whether they imposed additional limitations upon plaintiff's residual capacity to work was in error. Even if such conditions do not support any additional limitations or are not "severe" under the Act, the failure to explain why such conditions were disregarded leaves the Court unable to fully review the basis of the ALJ's opinion. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Radford* at 295 (citing *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985)). Therefore, the ALJ's failure to consider claimant's diabetic or anxiety problems or even mention them in the decision requires was not harmless error and the matter should be remanded for further consideration.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 32] is GRANTED and defendant's motion for judgment on the pleadings [DE 36] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.

SO ORDERED, this 29 day of March, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE